**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

——————————————————————X
:
ANTHONY DEROSA, on behalf of himself and  :
all others similarly situated,            :
:
Plaintiff,      :  Civil Action No.
:
vs.                                       :  **CLASS ACTION COMPLAINT AND**
:  **JURY TRIAL DEMAND**
DL THOMSON LAW, PC,                       :
:
Defendant.      :
:
—————————————————————— X

Plaintiff ANTHONY DEROSA (hereinafter "Plaintiff"), on behalf of himself and

all others similarly situated, by and through his undersigned attorney, alleges against the

above-named Defendant DL THOMSON LAW, PC ("Defendant"), its employees,

agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

Case 3:20-cv-12107-MAS-LHG   Document 1   Filed 08/31/20   Page 2 of 37 PageID: 2

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Washington, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief Defendant DL THOMPSON LAW, PC is a professional corporation organized under the laws of the State of New Jersey with its principal place of business located in Manasquan, New Jersey.

9.      Based upon information and belief, Defendant is a company or business

that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## **CLASS ACTION ALLEGATIONS**

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received post-judgment communications from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

•     All consumers who were subject to post-judgment collection activity by Defendant which included the alleged conduct and practices described herein.

•  The Class period begins one year prior to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•     Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were subject to post-judgment communications by Defendant that violate specific provisions of the FDCPA. (*See* **Exhibits A, B, C and D** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's

privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

12.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

13.     Defendant collects and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the

United States Postal Service, telephone and/or the Internet.

14.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

15.     Prior to July 1, 2016, Plaintiff allegedly incurred a financial obligation to Thrift Investment Corporation.

16.     The Thrift Investment Corporation obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The alleged Thrift Investment Corporation obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.     Thrift Investment Corporation is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     At some time prior to July 1, 2016, the Thrift Investment Corporation obligation became past due.

20.     On or about July 1, 2016, Defendant, or its predecessor, on behalf of its client Thrift Investment Corporation, filed an amended complaint in the Superior Court of New Jersey, Sussex County, Special Civil Part against Plaintiff Anthony Derosa to collect on an automobile loan in a case entitled Thrift Investment Corporation v. Derosa, et. al, SSX-DC-000271-16 ("the State Court Action").

21.     On or about September 9, 2016, a default judgment was entered against Plaintiff and the other defendant in the State Court Action for a judgment total amount of $5,784.03, including costs of $108.00 and attorney fees of $125.02.

22.     On or about August 29, 2019, Defendant filed a Notice of Application for Wage Execution to collect on the judgment from the State Court Action.  A copy of the

Notice of Application for Wage Execution is attached as Exhibit A.

23.     Exhibit A included a proposed Writ of Wage Execution that sought to collect "Additional Costs" in the amount of $678.02.

24.     However, Defendant was not entitled to collect "Additional Costs" of $678.02, since there were not allowable additional costs of $678.02.

25.     Additionally, Exhibit A sought an Order for Wage execution against Plaintiff's purported employer Okaya Inc. located at 64 W. Seegers Rd., Arlington Heights, IL  60005.

26.     However, Plaintiff never worked for or was an employee at Okaya Inc.

27.     Instead, Plaintiff worked for a totally separate entity called Okaya Infocom Pvt. Ltd., with offices in Ronkonkoma, New York which had no relationship to Okaya Inc, the garnishee listed on the Notice of Application for Wage Execution in Exhibit A.

28.     Furthermore, Plaintiff only worked as an independent contractor for Okaya Infocom Pvt. Ltd., and as such Defendant was not entitled to file an application for wage execution against Okay Inc. or Okaya Infocom Pvt. Ltd.

29.     Additionally, Okaya Infocom Pvt. Ltd. did not have offices in New Jersey and as such, Defendant did not have jurisdiction to serve an application for wage garnishment outside of the State of New Jersey based upon a judgment entered in the state of New Jersey.

30.     On or about August 10, 2020, Plaintiff received a Notice of Application for Wage Garnishment dated August 10, 2020.  A copy of the Notice is attached as Exhibit B.

31.     On or about August 28, 2020, Defendant filed a subsequent Notice of Application for Wage Execution substantially similar to Exhibit B.  A copy of the August 28, 2020 Notice of Application for Wage Garnishment is attached as Exhibit C.

32.     Exhibit C included a proposed Order, Certification and Execution against Earnings which included a certification of Donna L. Thompson indicating that Defendant was entitled to collect "Subsequent Costs" of $819.02.  However, Defendant was not entitled to collect $819.02 in "Subsequent Costs" since the amount included costs which were not allowable.

33.     Additionally, Exhibits B and C sought to garnish on Plaintiff's wages from K2 Partnering Solutions West, Inc. based in Providence Rhode Island.

34.     However, K2 Partnering Solutions West Inc., does not have offices in New Jersey, and as such Defendant cannot garnish Plaintiff's wages from a Rhode Island Company based upon a New Jersey judgment.

35.     Furthermore, since Plaintiff is an independent contractor and not an employee of K2 Partnering Solutions West Inc., Defendant cannot garnish Plaintiff's wages from K2 Partnering Solutions West, Inc.  As such, Defendant was not entitled to serve a Notice of Application for Wage Execution on K2 Partnering West Inc. in Providence, Rhode Island.

36.     Additionally, Exhibit C indicated that the total Due to date as of August 28, 2020 was $6,363.22.

37.     On or about August 31, 2020, Defendant received in the mail a Statement of Account from Defendant.  A copy of the Statement of Account is attached as Exhibit D.

38.     Exhibit D indicated that the Balance due was $6,343.22, $20.00 less than the Total amount due indicated due in the Notice of Application of Wage Garnishment.

39.     Additionally, Exhibit D indicated that Defendant attempted to collect amounts due as costs which Defendant was not entitled to collect, e.g. Nexis and other fees.

40.     Furthermore, Exhibit D failed to indicate that the communication was a communication from a debt collector as required under section 1692e(11).

41.     The Notices of Application for Wage Execution were sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

42.     The Notices of Application for Wage Execution Motion were each a "communication" as defined by 15 U.S.C. § 1692a(2).

43.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

44.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

45.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

46.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

47.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

48.     Defendant's communications were designed to cause Plaintiff to suffer a

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

49.     Defendant's collection communications provided confusing and incorrect information causing Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

50.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

51.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

52.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

53.     Plaintiff's receipt of a collection communication which provided incorrect, incomplete and confusing information constitutes a concrete injury.

54.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

55.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted his ability to decide on how to proceed with respect to the matter – will

he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

56.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

57.     It is Defendant's' policy and practice to send post-judgment communications, which violate the FDCPA, by *inter alia*:

      (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

      (b)     Using unfair or unconscionable means to collect or attempt to collect any debt.

58.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

59.     On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit B to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

60.     Plaintiff repeats the allegations contained in paragraphs 1 through 59 as if the same were set forth at length.

61.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

62.    By filing the post-judgment communications described herein, Defendant violated:

A.  15 U.S.C. §1692c(b) by communicating in connection with the collection a debt with a third-party which was not reasonably necessary to effectuate a post judgment judicial remedy;

B.  15 U.S.C. §1692d by engaging in conduct  the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

C.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

D.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

E.  15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

F.  15 U.S.C. § 1692e(5) of the FDCPA by threatening to take or taking an action that could not legally be taken;

G.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

H.  15 U.S.C. § 1692e(11) by failing to indicate that a communication is from a debt collector.

I.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

J.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages.

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
          August 31, 2020

Respectfully submitted,


By: s/ Lawrence C. Hersh
      Lawrence C. Hersh, Esq.
      17 Sylvan Street, Suite 102B
      Rutherford, NJ  07070
      (201) 507-6300
      *Attorney for Plaintiff*


**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 31, 2020

By: s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq

EXHIBIT A

**DONNA L. THOMPSON, ESQ. (NJ attorney ID 030231994)**
**DL THOMPSON LAW, PC**
PHYSICAL ADDRESS:
1442 Lakewood Road, Manasquan, NJ 08736
*SEND ALL MAIL:*
**P.O. Box 679**
**Allenwood, NJ  08720**
**(732) 292-3000 Phone**
**Attorney for Plaintiff**
**Our File No. 7613**

| | |
|---|---|
| THRIFT INVESTMENT CORPORATION, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION:   (NOT ASSIGNED) |
| Plaintiff(s), | : COUNTY |
| | : SPECIAL CIVIL PART |
| v. | : |
| | : DOCKET NO. DJ-033544-17 (DC-000271-16) |
| CHRISTINE DEROSA and ANTHONY | : |
| DEROSA, | : Civil Action |
| | : |
| Defendant(s). | : **NOTICE OF APPLICATION** |
| | **FOR WAGE EXECUTION** |

**TO:   Anthony  Derosa**
         ▉▉▉▉▉▉▉▉▉
         ▉▉▉▉▉▉▉▉▉

        **TAKE NOTICE** that application is being made by the judgment-creditor to the above named

Court, located at the Sussex County Superior Court, Law Division, Sussex County Court House, 43-47

High Street, Newton,  NJ 7860, for a Wage Execution Order to issue against your salary to be served

on  your  employer,  **Okaya INC., 64  W.  Seegers  Rd,  Arlington  Heights,  IL  60005** c/o The

Corporation Trust Company 820 Bear Tavern Road Ewing, NJ 08628for:  (a) 10% of your gross salary

when the same shall equal or exceed the amount of $217.50 per week; or (b) 25% of your disposable

earnings for that week; or (c) the amount, if any, by which your disposable weekly earnings exceed

$217.50, whichever shall be the least.  Disposable earnings are defined as that portion of the earnings

remaining after the deduction from the gross earnings of any amounts required by law to be withheld.

In the event the disposable earnings so defined are $217.50 or less, if paid weekly; or $435.00 or less,

if paid every two weeks; or $471.25 or less, if paid twice per month; or $942.50, or less, if paid

monthly, then no amount shall be withheld under this execution.  In no event shall more than 10% of gross salary be withheld and only one execution against your wages shall be satisfied at a time.  Your employer may not discharge, discipline or discriminate against you because your earnings have been subject to garnishment.

You may notify the Office of the Special Civil Part, and the attorneys for the judgment-creditor, whose address appears above, in writing, within 10 days after service of this notice upon you, why such an Order should not be issued, and thereafter the application for the Order will be set down for a hearing of which you will receive notice of the date, time and place.

If you do not notify the Office of the Special Civil Part and the judgment-creditor's attorney, or the judgment-creditor if there is no attorney, in writing of your objection, you will receive no further notice and the Order will be signed by the Judge as a matter of course.

You also have a continuing right to object to the wage execution or apply for a reduction in the amount withheld even *after* it has been issued by the Court.  To object or apply for a reduction, file a written statement of your objection or reasons for a reduction with the Office of the Special Civil Part and send a copy to the judgment-creditor's attorney, or directly to the judgment-creditor if there is no attorney.  You will be entitled to a hearing within 7 days after you file your objection or application for a reduction.

## **CERTIFICATION OF SERVICE**

I served the within Notice upon the judgment-debtor, Anthony  Derosa, on this date by sending it simultaneously by regular and certified mail, return receipt requested, to the judgment-debtor's last known address as set forth above.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  April 1, 2019                    /s/ Donna L. Thompson_____
                                         DONNA L. THOMPSON, ESQ.
                                         Attorney for Judgment-Creditor

## HOW TO CALCULATE PROPER GARNISHMENT AMOUNT

(1)  Gross Salary per pay period............................        _____

(2)  Less:
       Amounts Required by Law to be Withheld:
       (a)  U.S. Income Tax..............        _____
       (b)  FICA (social security).....        _____
       (c)  State Income Tax, ETT, etc.        _____
       (d)  N.J. SUI............................        _____
       (e)  Other State or Municipal
            Withholding................        _____
       (f)            Total...............        -        _____

(3)  Equals "disposable earnings"...........................        =        _____

(4)  If Salary is paid:
       - weekly, then subtract $217.50
       - every two weeks, then subtract $435.00
       - twice per month, then subtract $471.75
       - monthly, then subtract $942.50
       (Federal law prohibits any garnishment when "disposable
       earnings" are smaller than the amount on line 4).............        -        _____

(5)  Equals the amount potentially subject to
       garnishment (if less than zero, enter zero)......................        =        _____

(6)  Take "disposable earnings" (Line 3) and
       multiply by .25:
       $_____ x .25 = $_____.....................        _____

(7)  Compare lines 5 and 6 - the amount which may
       lawfully be deducted is the <u>smallest</u> amount
       of line 5 or line 6.............................................................        _____

Source:  15 U.S.C. 1671 *et seq.*; 29 C.F.R. 870; <u>N.J.S.A.</u> 2A:17-50 *et seq.*

**DONNA L. THOMPSON, ESQ. (NJ attorney ID 030231994)**
**DL THOMPSON LAW, PC**
PHYSICAL ADDRESS:
1442 Lakewood Road, Manasquan, NJ 08736
*SEND ALL MAIL:*
**P.O. Box 679**
**Allenwood, NJ  08720**
**(732) 292-3000 Phone**
**Attorney for Plaintiff**
**Our File No. 7613**

# F I L E D

## AUG 28 2019

David J. Weaver, J.S.C.
JUDGES CHAMBERS
SUSSEX COUNTY COURTHOUSE

| | |
|---|---|
| THRIFT INVESTMENT CORPORATION, | : SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s), | : LAW DIVISION:  (NOT ASSIGNED) COUNTY |
| | : DOCKET NO. DJ-033544-17 (DC-000271-16) |
| v. | : Civil Action |
| CHRISTINE DEROSA and ANTHONY DEROSA, | : **ORDER, CERTIFICATION AND EXECUTION AGAINST EARNINGS PURSUANT TO** |
| Defendant(s). | : **15 U.S.C. 1673 and N.J.S.A. 2A:17-56** |

TO:   **Okaya INC.**        c/o **The Corporation Trust Company**
      **64 W. Seegers Rd**                **820 Bear Tavern Road**
      **Arlington Heights, IL  60005**            **Ewing, NJ 08628**

Unless the designated defendant is currently subject to withholding under another wage execution, the employer is ordered to deduct from the earnings which the designated defendant, **Anthony   Derosa,** receives and to pay over to the court officer named below, the lesser of the following: (a) 10% of the gross weekly pay; or (b) 25% of disposable earnings for that week; or (c) the amount, if any, by which the designated defendant's disposable weekly earnings exceed $217.50 per week; or $435.00 if paid every two weeks; or $471.25 if paid twice per month; or $942.50 if paid monthly, until the total amount due has been deducted or the complete termination of employment.  Upon either of these events, an immediate accounting is to be made to the court officer.  Disposable earnings are defined as that portion of the earnings remaining after the deduction from gross earnings of any amounts required by law to be withheld.  In the event the disposable earnings so defined are $217.50 or less, no amount shall be withheld under this

execution.  In no event shall more than 10% of the gross salary be withheld, and only one execution against your wages shall be satisfied at a time.

The employer shall immediately give the designated defendant a copy of this order.  The designated defendant may object to the wage execution or apply for a reduction in the amount withheld at any time.  To object or apply for a reduction, a written statement of the objection or reasons for a reduction must be filed with the Clerk of the Court and a copy must be sent to the creditor's attorney or directly to the creditor if there is no attorney.  A hearing will be held within 7 days after filing the objection or application for a reduction.  According to law, no employer may terminate an employee because of a garnishment.

DATE: 8/28/19

DAVID J. WEAVER, J.S.C.

**Judgment Date: 9/7/2016**

**Judgment Amount: $5,551.01**

**Costs and Atty. Fees:**

**Subsequent Costs: $628.02**

**Total: $6,179.03**

**Credits, if any: $85.00**

**Subtotal A: $6,094.03**

**Interest: $83.46  (Thru 4/15/2019)**

**Execution costs
and mileage: $51.50**

**Costs of Application: $50.00**

**Subtotal B: $6,278.99**

**Sheriff's Fee (6%/4%): $551.16**

**Total Due this date: $6,177.49**

**Interest:**
$5,551.01 x 0.25% (2005 int. rate) ÷ 365 x (#of days) = (per diem interest)

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:  April 15, 2019

/s/ Donna L. Thompson
DONNA L. THOMPSON, ESQ.
Attorney for Plaintiff

SSX  DJ -33544-17
        DC -271-16

Objector states he works in Pa and
therefore is not subject to a wage execution
pursuant to Pa. law. That is not the law in PA.
Even a PA resident working in Pa. are subject
to garnishment via an out of state judgment and
wage attachment.   Carmichael v Proselow im Prosser LLP

646 Fed Appx. 193 (Third Circuit 2016).

                    Application for wage execution

granted

        8/28/19

                                        Dff Weaver JSC

        F I L E D              DAVID J. WEAVER, J.S.C.

        AUG 28 2019
        David J. Weaver, J.S.C.
          JUDGES CHAMBERS
      SUSSEX COUNTY COURTHOUSE

**DONNA L. THOMPSON, ESQ. (NJ attorney ID 030231994)**
**DL THOMPSON LAW, PC**
PHYSICAL ADDRESS:
1442 Lakewood Road, Manasquan, NJ 08736
*SEND ALL MAIL:*
**P.O. Box 679**
**Allenwood, NJ  08720**
**(732) 292-3000 Phone**
**Attorney for Plaintiff**
**Our File No.  7613**

| | |
|---|---|
| THRIFT INVESTMENT CORPORATION, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s), | LAW DIVISION:  SUSSEX COUNTY |
| | DOCKET NO. DJ-033544-17 (DC-000271-16) |
| v. | Civil Action |
| CHRISTINE  DEROSA and  ANTHONY DEROSA, | **WRIT OF WAGE EXECUTION** |
| Defendant(s). | |

**THE STATE OF NEW JERSEY**

**TO THE SHERIFF OF MERCER COUNTY:**

     **YOU ARE HEREBY COMMANDED** that of the weekly earnings which the Defendant,

**Anthony  Derosa,** receives from employer, Okaya INC., 64 W. Seegers Rd., Arlington Heights,  IL

60005 c/o The Corporation Trust Company, 820 Bear Tavern Road, Ewing, NJ  08628, you take the

lesser of (a) the sum of 10% of the gross weekly pay, or (b) 25% of disposable earnings for that

week, or (c) the amount by which the designated Defendant's disposable weekly earnings exceed

$217.50 per week, pursuant to the Order for Wage Execution entered with this Court on August 28,

2019**,** a copy of which is attached hereto and Certification of the Court entered in the sum of

$5,551.01 plus interest and fees, until  plus interest and fees is paid and satisfied, and that you pay

weekly to the Plaintiff's duly authorized attorney said amount of reservation of salary.

     **YOU  ARE  FURTHER  COMMANDED** that the employer shall immediately give the

designated defendant a copy of this Order.  The designated defendant may object to the wage

execution or apply for a reduction in the amount withheld at any time.  To object or apply for a

reduction, a written statement to the objection or reasons for a reduction must be filed with the Clerk of the Court and a copy must be sent to the creditor's attorney or directly to the creditor if there is no attorney.  A hearing will be held within 7 days after filing the objection or application for a reduction.  According to law, no employer may terminate an employee because of a garnishment.

**YOU ARE FURTHER COMMANDED** that upon satisfaction of said Plaintiff's damages, costs and interest, plus subsequent costs, or upon termination of the Defendant's salary, you will immediately thereafter return this Writ to this Court with a statement as to the execution annexed.

**WITNESS, The Honorable** _____, Judge of the New Jersey Superior Court at Trenton, New Jersey on the _____ day of _____, 2019.

_____
CLERK

ENDORSEMENT:

JUDGMENT AMOUNT*:  $5,551.01

ADDITIONAL COSTS:  $678.02

INTEREST THEREON:  $113.86  (Thru 8/29/19)

CREDITS:  $257.50

SHERIFF'S FEES:  $51.50

SHERIFF'S COMMISSIONS:  $343.42      *corrected from Order and Certification

TOTAL:  $6,480.31

*"Judgment Amount" includes amount of verdict or settlement, plus pre-judgment court costs, plus an applicable statutory attorney's fee.

Post Judgment Interest applied pursuant to CR 4:42-11 has been calculated as **simple interest.**  As required by CR 4:59-1, attached is the method by which interest has been calculated, taking into account all partial payments made by the defendant.

/s/ Donna L. Thompson_____
DONNA L. THOMPSON, ESQ.
Attorney for Plaintiff

Dated:  August 29, 2019

EXHIBIT B

# *DL THOMPSON LAW, PC*

**A Professional Corporation Incorporated in the State of New Jersey**
Telephone:  732-292-3000
Fax:  732-292-3504

<u>New Jersey Location</u>:
1442 Lakewood Road
Manasquan, NJ  08736

<u>New York Location</u>:
422 Retford Avenue
Staten Island, NY  10312-6108

**<u>Mailing Address for all matters</u>:**
PO Box 679
Allenwood, NJ 08720

Donna L. Thompson, Esq.
*Admitted to Practice NY and NJ*
Anthony Cambria, *Of Counsel*

Our File No. ██████

August 10, 2020

**<u>VIA CERTIFIED MAIL and REGULAR MAIL</u>**
Anthony Derosa
███████████████

Re:   **Thrift Investment Corporation v. Christine Derosa and Anthony Derosa**
      **Docket No. DJ-033544-17 (DC-000271-16)**

Dear Anthony Derosa:

   Enclosed please find a Notice of Application for Wage Execution.  Please note that you have ten (10) days from the receipt of this Notice to write to the Court and to me stating your objection and reasons for same.

   If you have any questions or require any further information, please feel free to contact me.

   Thank you for your courtesy and cooperation in this matter.

Very truly yours,

DONNA L. THOMPSON, ESQ.

DLT:kjl
Encl.

cc:   Thrift Investment Corporation **331734**

**THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**DONNA L. THOMPSON, ESQ. (NJ attorney ID 030231994)**
**DL THOMPSON LAW, PC**
PHYSICAL ADDRESS:
1442 Lakewood Road, Manasquan, NJ 08736
*SEND ALL MAIL:*
**P.O. Box 679**
**Allenwood, NJ  08720**
**(732) 292-3000 Phone**
**Attorney for Plaintiff**
**Our File No. 7613**

| | |
|---|---|
| THRIFT INVESTMENT CORPORATION, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff(s), | LAW DIVISION:  SUSSEX COUNTY |
| | SPECIAL CIVIL PART |
| v. | DOCKET NO. DJ-033544-17 (DC-000271-16) |
| CHRISTINE  DEROSA  and ANTHONY DEROSA, | Civil Action |
| Defendant(s). | **NOTICE OF APPLICATION** |
| | **FOR WAGE EXECUTION** |

TO:   **Anthony Derosa**

█████████████████

      **TAKE NOTICE** that application is being made by the judgment-creditor to the above named Court, located at the Sussex County Superior Court, 43-47 High Street,  Newton,  NJ 07860, for a Wage Execution Order to issue against your salary to be served on your employer, **K2 Partnering Solutions West Inc., Attn: Payroll Department, 235 Promenade Street, Providence, RI  02908**, for:  (a) 10% of your gross salary when the same shall equal or exceed the amount of $217.50 per week; or (b) 25% of your disposable earnings for that week; or (c) the amount, if any, by which your disposable weekly earnings exceed $217.50, whichever shall be the least.  Disposable earnings are defined as that portion of the earnings remaining after the deduction from the gross earnings of any amounts required by law to be withheld.  In the event the disposable earnings so defined are $217.50 or less, if paid weekly; or $435.00 or less, if paid every two weeks; or $471.25 or less, if paid twice per month; or $942.50, or less, if paid monthly, then no amount shall be withheld under this execution.  In

no event shall more than 10% of gross salary be withheld and only one execution against your wages shall be satisfied at a time.  Your employer may not discharge, discipline or discriminate against you because your earnings have been subject to garnishment.

You may notify the Office of the Special Civil Part, and the attorneys for the judgment-creditor, whose address appears above, in writing, within 10 days after service of this notice upon you, why such an Order should not be issued, and thereafter the application for the Order will be set down for a hearing of which you will receive notice of the date, time and place.

If you do not notify the Office of the Special Civil Part and the judgment-creditor's attorney, or the judgment-creditor if there is no attorney, in writing of your objection, you will receive no further notice and the Order will be signed by the Judge as a matter of course.

You also have a continuing right to object to the wage execution or apply for a reduction in the amount withheld even *after* it has been issued by the Court.  To object or apply for a reduction, file a written statement of your objection or reasons for a reduction with the Office of the Special Civil Part and send a copy to the judgment-creditor's attorney, or directly to the judgment-creditor if there is no attorney.  You will be entitled to a hearing within 7 days after you file your objection or application for a reduction.

**<u>CERTIFICATION OF SERVICE</u>**

I served the within Notice upon the judgment-debtor, Anthony Derosa, on this date by sending it simultaneously by regular and certified mail, return receipt requested, to the judgment-debtor's last known address as set forth above.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  August 10, 2020

/s/ Donna L. Thompson
DONNA L. THOMPSON, ESQ.
Attorney for Judgment-Creditor

- 2 -

## HOW TO CALCULATE PROPER GARNISHMENT AMOUNT

(1)  Gross Salary per pay period............................         _____

(2)  Less:
        Amounts Required by Law to be Withheld:
        (a)  U.S. Income Tax...............         _____
        (b)  FICA (social security).....         _____
        (c)  State Income Tax, ETT, etc.         _____
        (d)  N.J. SUI.............................         _____
        (e)  Other State or Municipal
             Withholding................         _____
        (f)        Total................            -         _____

(3)  Equals "disposable earnings"...........................        =         _____

(4)  If Salary is paid:
        - weekly, then subtract $217.50
        - every two weeks, then subtract $435.00
        - twice per month, then subtract $471.75
        - monthly, then subtract $942.50
        (Federal law prohibits any garnishment when "disposable
        earnings" are smaller than the amount on line 4)..............         -         _____

(5)      Equals the amount potentially subject to
        garnishment (if less than zero, enter zero).....................         =         _____

(6)      Take "disposable earnings" (Line 3) and
        multiply by .25:
        $_____ x .25 = $_____......................         _____

(7)      Compare lines 5 and 6 - the amount which may
        lawfully be deducted is the <u>smallest</u> amount
        of line 5 or line 6...........................................................         _____

Source:  15 U.S.C. 1671 *et seq.*; 29 C.F.R. 870; <u>N.J.S.A.</u> 2A:17-50 *et seq.*

EXHIBIT C

**DONNA L. THOMPSON, ESQ. (NJ attorney ID 030231994)**
**DL THOMPSON LAW, PC**
PHYSICAL ADDRESS:
1442 Lakewood Road, Manasquan, NJ 08736
*SEND ALL MAIL:*
**P.O. Box 679**
**Allenwood, NJ  08720**
**(732) 292-3000 Phone**
**Attorney for Plaintiff**
**Our File No. 7613**

| | |
|---|---|
| THRIFT INVESTMENT CORPORATION, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION:  SUSSEX COUNTY |
| Plaintiff(s), | : SPECIAL CIVIL PART |
| | : |
| v. | : DOCKET NO. DJ-033544-17 (DC-000271-16) |
| | : |
| CHRISTINE  DEROSA  and ANTHONY | : Civil Action |
| DEROSA, | : |
| | : **NOTICE OF APPLICATION** |
| Defendant(s). | : **FOR WAGE EXECUTION** |

**TO:   Anthony Derosa**

███████████████
███████████████

    **TAKE NOTICE** that application is being made by the judgment-creditor to the above named

Court, located at the Sussex County Superior Court, 43-47 High Street,  Newton,  NJ 07860, for a

Wage Execution Order to issue against your salary to be served on your employer, **K2 Partnering**

**Solutions West Inc., Attn: Payroll Department, 235 Promenade Street, Providence, RI  02908**,

for:  (a) 10% of your gross salary when the same shall equal or exceed the amount of $217.50 per

week; or (b) 25% of your disposable earnings for that week; or (c) the amount, if any, by which your

disposable weekly earnings exceed $217.50, whichever shall be the least.  Disposable earnings are

defined as that portion of the earnings remaining after the deduction from the gross earnings of any

amounts required by law to be withheld.  In the event the disposable earnings so defined are $217.50 or

less, if paid weekly; or $435.00 or less, if paid every two weeks; or $471.25 or less, if paid twice per

month; or $942.50, or less, if paid monthly, then no amount shall be withheld under this execution.  In

no event shall more than 10% of gross salary be withheld and only one execution against your wages shall be satisfied at a time.  Your employer may not discharge, discipline or discriminate against you because your earnings have been subject to garnishment.

You may notify the Office of the Special Civil Part, and the attorneys for the judgment-creditor, whose address appears above, in writing, within 10 days after service of this notice upon you, why such an Order should not be issued, and thereafter the application for the Order will be set down for a hearing of which you will receive notice of the date, time and place.

If you do not notify the Office of the Special Civil Part and the judgment-creditor's attorney, or the judgment-creditor if there is no attorney, in writing of your objection, you will receive no further notice and the Order will be signed by the Judge as a matter of course.

You also have a continuing right to object to the wage execution or apply for a reduction in the amount withheld even *after* it has been issued by the Court.  To object or apply for a reduction, file a written statement of your objection or reasons for a reduction with the Office of the Special Civil Part and send a copy to the judgment-creditor's attorney, or directly to the judgment-creditor if there is no attorney.  You will be entitled to a hearing within 7 days after you file your objection or application for a reduction.

## <u>CERTIFICATION OF SERVICE</u>

I served the within Notice upon the judgment-debtor, Anthony  Derosa, on this date by sending it simultaneously by regular and certified mail, return receipt requested, to the judgment-debtor's last known address as set forth above.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  August 10, 2020               /s/ Donna L. Thompson_____
                                      DONNA L. THOMPSON, ESQ.
                                      Attorney for Judgment-Creditor

## HOW TO CALCULATE PROPER GARNISHMENT AMOUNT

(1)  Gross Salary per pay period............................                    _____

(2)  Less:
        Amounts Required by Law to be Withheld:
        (a) U.S. Income Tax..............                _____
        (b) FICA (social security).....                _____
        (c) State Income Tax, ETT, etc.                _____
        (d) N.J. SUI............................                _____
        (e) Other State or Municipal
            Withholding................                _____
        (f)           Total...............                      -   _____

(3)  Equals "disposable earnings"...........................................   =   _____

(4)  If Salary is paid:
        - weekly, then subtract $217.50
        - every two weeks, then subtract $435.00
        - twice per month, then subtract $471.75
        - monthly, then subtract $942.50
        (Federal law prohibits any garnishment when "disposable
        earnings" are smaller than the amount on line 4)............   -   _____

(5)  Equals the amount potentially subject to
        garnishment (if less than zero, enter zero).....................   =   _____

(6)  Take "disposable earnings" (Line 3) and
        multiply by .25:
        $_____ x .25 = $_____....................   _____

(7)  Compare lines 5 and 6 - the amount which may
        lawfully be deducted is the <u>smallest</u> amount
        of line 5 or line 6...........................................................   _____

Source:  15 U.S.C. 1671 *et seq.*; 29 C.F.R. 870; <u>N.J.S.A.</u> 2A:17-50 *et seq.*

**DONNA L. THOMPSON, ESQ. (NJ attorney ID 030231994)**
**DL THOMPSON LAW, PC**
PHYSICAL ADDRESS:
1442 Lakewood Road, Manasquan, NJ 08736
*SEND ALL MAIL:*
**P.O. Box 679**
**Allenwood, NJ  08720**
**(732) 292-3000 Phone**
**Attorney for Plaintiff**
**Our File No. 7613**

| | |
|---|---|
| THRIFT INVESTMENT CORPORATION, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION:  SUSSEX COUNTY |
| Plaintiff(s), | |
| | DOCKET NO. DJ-033544-17 (DC-000271-16) |
| v. | |
| | Civil Action |
| CHRISTINE  DEROSA and ANTHONY DEROSA, | **ORDER, CERTIFICATION AND EXECUTION** |
| | **AGAINST EARNINGS PURSUANT TO** |
| | **15 U.S.C. 1673 and N.J.S.A. 2A:17-56** |
| Defendant(s). | |

TO:   **K2 Partnering Solutions West Inc.**
      **Attn: Payroll Department**
      **235 Promenade Street**
      **Providence, RI  02908**

Unless the designated defendant is currently subject to withholding under another wage execution, the employer is ordered to deduct from the earnings which the designated defendant, **Anthony Derosa,** receives and to pay over to the court officer named below, the lesser of the following:  (a) 10% of the gross weekly pay; or (b) 25% of disposable earnings for that week; or (c) the amount, if any, by which the designated defendant's disposable weekly earnings exceed $217.50 per week; or $435.00 if paid every two weeks; or $471.25 if paid twice per month; or $942.50 if paid monthly, until the total amount due has been deducted or the complete termination of employment.  Upon either of these events, an immediate accounting is to be made to the court officer.  Disposable earnings are defined as that portion of the earnings remaining after the deduction from gross earnings of any amounts required by law to be withheld.  In the event the disposable earnings so defined are $217.50 or less, no amount shall be withheld under this

execution.  In no event shall more than 10% of the gross salary be withheld, and only one execution against your wages shall be satisfied at a time.

The employer shall immediately give the designated defendant a copy of this order.  The designated defendant may object to the wage execution or apply for a reduction in the amount withheld at any time.  To object or apply for a reduction, a written statement of the objection or reasons for a reduction must be filed with the Clerk of the Court and a copy must be sent to the creditor's attorney or directly to the creditor if there is no attorney.  A hearing will be held within 7 days after filing the objection or application for a reduction.  According to law, no employer may terminate an employee because of a garnishment.

DATE:  _____          _____
                                                                                                J.S.C.

**Judgment Date:  9/7/2016**

**Judgment Amount:  $5,551.01**

**Costs and Atty. Fees:**

**Subsequent Costs:  $819.02**

**Total:  $6,370.03**

**Credits, if any:  $257.50**

**Subtotal A:  $6,112.53**

**Interest:  $230.69  (Thru 8/28/20)**

**Execution costs
and mileage:  $**

**Costs of Application: $50.00**

**Subtotal B: $6,393.22**

**Sheriff's Fee (6%/4%): $**

**Total Due this date:  $6,363.22**

**Interest:**
$5,551.01 x 0.25% (2016 int. rate) ÷ 365  = (per diem interest) x (#of days)
$5,551.01 x 0.50% (2017, 2018) ÷ 365
$5,551.01 x 1.50% (2019) ÷ 365
$5,551.01 x 2.5% (2020 int. rate) ÷ 365  = (per diem interest) x (#of days)

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:  August 28, 2020

/s/ Donna L. Thompson_____
DONNA L. THOMPSON, ESQ.
Attorney for Plaintiff

EXHIBIT D

**DL Thompson Law PC**
**P.O. Box 679**
**Allenwood, NJ 08720**
**732-292-3000**

### Statement of Account for 7613 - Christine Derosa/Anthony Derosa

| Client: | | Debtor: | |
|---|---|---|---|
| Name | Thrift Investment Corporation | Derosa, Christine | |
| Account # | 331734 | | |
| Address | 720 George's Post Road | | |
| | Fords, NJ 08863 | | |

**Account Details:**

| | | | Pre-Judgment: | Post-Judgment: |
|---|---|---|---|---|
| File # | 7613 | Interest: | $0.00 | $230.69 |
| Status | D. Complaint filed | Amount: | $6,001.01 | $5,551.01 |
| Collector | Dena | Costs: | $0.00 | $819.02 |
| Claim Amt | $6,001.01 | Fees: | $0.00 | $0.00 |
| Judgment Amt | $5,551.01 | Subtotal: | $6,001.01 | $6,600.72 |
| Curr Balance | $6,343.22 [As of 8/28/2020] | Payments: | $450.00 | $257.50 |
| | | Balance Due: | $5,551.01 | **$6,343.22** |

**Transactions:**

| Date | | Description | Notes | Chk # | Amount | Balance |
|------|---|-------------|-------|-------|-------:|--------:|
| 3/24/2016 | P | Payment - Credit Card | | | $150.00 | $5,851.01 |
| 4/5/2016 | P | Payment - Credit Card | | | $150.00 | $5,701.01 |
| 4/19/2016 | P | Payment - Credit Card | | | $150.00 | $5,551.01 |
| 1/1/2018 | C | Costs | previous costs carried over | | $320.02 | $5,903.27 |
| 1/1/2018 | P | Credit | previous pmts carried over | | $85.00 | $5,818.27 |
| 4/1/2019 | C | Costs | certified mail - step 1 | | $8.50 | $5,874.82 |
| 4/1/2019 | C | Costs | Nexis fee | | $29.00 | $5,903.82 |
| 4/1/2019 | C | Costs | registered agent fee | | $18.00 | $5,921.82 |
| 4/1/2019 | C | Costs | filing fee - 2 writs of execution | | $100.00 | $6,021.82 |
| 4/8/2019 | C | Sheriff Fee | Serviice of levy on employer | | $51.50 | $6,074.90 |
| 4/8/2019 | C | Sheriff Fee | Bank levy/fee&mileage | | $51.00 | $6,125.90 |
| 4/15/2019 | C | Costs | Order and Cert | | $50.00 | $6,177.49 |
| 5/28/2019 | P | Payment - Credit Card | | | $172.50 | $6,021.77 |
| 8/29/2019 | C | Costs | Wage Writ | | $50.00 | $6,085.39 |
| 9/11/2019 | C | Costs | Sheriff's Mileage & Fee | | $51.50 | $6,139.76 |
| 8/3/2020 | C | Costs | Nexis Fee | | $30.00 | $6,274.45 |
| 8/10/2020 | C | Costs | Cert Mail for Not of App | | $9.50 | $6,286.55 |
| 8/28/2020 | C | Costs | Order and certification | | $50.00 | $6,343.22 |